UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PEIFA XU, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

   – against –

GRIDSUM HOLDING INC., GUOSHENG WI, and PENG ZHANG,

      Defendants.

---

XUECHUN LI, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

   – against –

GRIDSUM HOLDING INC., GUOSHENG WI, PENG ZHANG, GOLDMAN SACHS (ASIA) L.L.C., CITIGROUP GLOBAL MARKETS INC., and STIFEL, NICOLAUS & COMPANY INCORPORATED,

      Defendants.

**OPINION AND ORDER**

18 Civ. 3655 (ER)

18 Civ. 5749 (ER)

---

Ramos, D.J.:

  In April and June 2018, two putative class actions were brought under federal securities laws against Gridsum Holding Inc. ("Gridsum") and several other defendants. *See Xu v. Gridsum Holding Inc. et al*, No. 18 Civ. 3655; *Li v. Gridsum Holding Inc. et al*, No. 18 Civ. 5749. The plaintiffs in these actions claim to represent a class of all persons who purchased or otherwise acquired Gridsum securities from certain dates through April 20, 2018, and seek to recover damages caused by the defendants' alleged violations of federal securities laws.

Pending before the Court is class member William Barth's unopposed motion to: (i) consolidate the two above-captioned actions; (ii) appoint him as lead plaintiff in the consolidated action; and (iii) appoint as lead counsel the law firm of Bragar Eagel & Squire, P.C. ("Bragar"). *See* Docs. 21, 29.[1] For the reasons set forth below, the motion is GRANTED.

I.  BACKGROUND

In essence, the *Xu* and *Li* complaints contain similar, if not identical, allegations that Gridsum made materially false and/or misleading statements about its financial condition during the period between late 2016 and April 23, 2018, and failed to disclose material adverse facts about its business, operational, and compliance policies in violation of sections 10(b) and 20(a) of the Securities Exchange Act and Rule 10b-5, promulgated thereunder. *See Xu* Compl. ¶¶ 4–7; *Li* Compl. ¶¶ 4–5. Both complaints allege that Defendants Guosheng Qi ("Qi"),[2] Gridsum's Chief Executive Officer, and Peng Zhang ("Zhang"), Gridsum's Chief Financial Officer, made or certified several of the misstatements at issue. *See Xu* Compl. ¶¶ 19–24; *Li* Compl. ¶¶ 24, 27–30. Both complaints allege that the truth of Gridsum's financial condition began to emerge on April 23, 2018, when Gridsum issued a press release entitled "Gridsum Reports Suspension of Audit Report of Financial Statements," announcing that Gridsum's "audit report for [its] financial statements for the year ended December 31, 2016 should no longer be relied upon." *Xu* Compl. ¶¶ 26–28; *Li* Compl. ¶¶ 32–33. Both complaints allege that Gridsum's American Depository Receipt price fell $1.17, or 16.04%, as a direct result of the press release. *Xu* Compl.

---

[1] Hereinafter, all docket references refer to *Xu v. Gridsum Holding Inc. et al*, No. 18 Civ. 3655, unless otherwise noted.

[2] Both complaints erroneously refer to Defendant Qi as "Guosheng Wi" in their captions. However, the complaints' substantive allegations and supporting quotes make clear that Defendant Qi's name is, in fact, "Guosheng Qi."

¶ 27; *Li* Compl. ¶ 33. And both complaints recite similar or identical statements from, among other sources, Gridsum's initial public offering documents, SEC disclosures, and press releases between late 2016 and April 23, 2018. *See Xu* Compl. ¶¶ 4–7, 19–28; *Li* Compl. ¶¶ 19–33.

On April 25, 2018, Peifa Xu filed one of the instant class actions (hereinafter the "*Xu* action") against Defendants Gridsum, Qi, and Zhang. Doc 1. That same day, Xu's counsel, Pomerantz LLP, announced the filing of the class action on *GlobeNewswire*, as required by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4 *et seq*. *See* Doc. 22, Ex. 1. In that announcement, Pomerantz LLP stated that any shareholders seeking lead-plaintiff status in the class action had until June 25, 2018, to file a motion for appointment as lead plaintiff. *Id.*

On June 25, 2018, Xuechun Li filed a separate class action (hereinafter the "*Li* action") against Defendants Gridsum, Qi, Zhang, Citigroup Global Markets Inc., Goldman Sachs (Asia) L.L.C., and Stifel, Nicolaus & Company Incorporated. *See Li v. Gridsum Holding Inc. et al*, Doc. 1, No. 18 Civ. 5749.

Also on June 25, 2018, several class members in the *Xu* action filed motions with the Court for appointment as lead plaintiff. *See* Docs. 10–23. Specifically, one small group of class members—including Xuechun Li, the current named plaintiff in the *Li* action—moved for the Court to consolidate the above-captioned actions, appoint the group as lead plaintiffs, and appoint the law firm of Gainey McKenna & Egleston as lead counsel for the putative class. Docs. 10–11. Class member Carl Pierce moved for the Court to appoint him as lead plaintiff and appoint the law firm of Pomerantz LLP as lead counsel. Docs. 15–16. Class member Richard Dearnley moved for the Court to appoint him as lead plaintiff and appoint The Rosen Law Firm, P.A., as lead counsel. Docs. 13–14. Class member Michael Bernstein moved for the Court to

appoint him as lead plaintiff and appoint Bernstein Liebhard LLP as lead counsel. Docs. 18–19. Finally, William Barth moved for the Court to appoint him as lead plaintiff, appoint Bragar Eagel & Squire, P.C. as lead counsel, and for consolidation. Docs. 21–22, 29.

Less than one month later, on July 09, 2018, all movants save for Barth withdrew their requests for lead plaintiff and counsel appointments, *see* Docs. 24–27, conceding that they did not have the largest financial interests in the above-captioned actions. *Id.* Consequently, Barth's motion for appointment as lead plaintiff and selection of Bragar as lead counsel stands unopposed.

Below, the Court addresses each of Barth's requests.

## II.    CONSOLIDATION

"Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "Under Rule 42 and the [PSLRA], actions need not be 'identical' to allow for consolidation." *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d, 390, 394 (S.D.N.Y. 2014). Given the flexible nature of Rule 42, "[t]he trial court has broad discretion to determine whether consolidation is appropriate." *Johnson*, 899 F.2d. at 1284. "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). "[S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts in this district "routinely consolidate securities class actions arising from the same allegedly actionable

statements," as do the instant two actions. *In re Braskem S.A. Sec. Litig.*, No. 15 Civ. 5132 (PAE), 2015 WL 5244735, at *3 (S.D.N.Y. Sept. 8, 2015) (collecting cases).

Unsurprisingly, the above-captioned actions share sufficiently common questions of law and fact to warrant consolidation. Given that both actions involve the same company and nearly all the same defendants, facts, claims, and legal theories, consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts.[3] *See Crowe v. JPMorgan Chase & Co.*, Nos. 09 Civ. 778 (RWS), 08 MDL 1963 (RWS), 2009 WL 3852381, at *2 (S.D.N.Y. Nov. 18, 2009).

There is also little or no risk of prejudice to the parties from consolidation. No party has opposed the request for consolidation, and because Defendants' time to answer has not yet passed, the Court can easily place these cases on the same procedural track. *DeRogatis v. Bd. of Trs. of the Cent. Pension Fund of the Int'l Union of Operating Eng'rs*, No. 13 Civ. 8788 (CM), 2015 WL 936114, at *2–3 (S.D.N.Y. Mar. 3, 2015).

In light of the foregoing, the Court finds that the *Xu* and *Li* actions involve common questions of law and fact and, therefore, warrant consolidation. Accordingly, the Court consolidates the *Xu* and *Li* actions.

---

[3] There are some minor differences between the two complaints, but they do not affect the Court's determination to consolidate. The *Li* action asserts a longer class period (September 22, 2016, through April 20, 2018) than the *Xu* action does (April 27, 2017, through April 20, 2018), and the *Li* action contains two more counts and three more defendants. However, these differences neither change the substantially similar nature of the two actions nor diminish the benefits of consolidation. *See, e.g.*, *Francisco v. Abengoa*, S.A., No. 15 CIV. 6279 (ER), 2016 WL 3004664, at *4 (S.D.N.Y. May 24, 2016) (consolidating two securities actions notwithstanding differences in class period and controverted statements); *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) ("Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation."), *reconsidered on other grounds sub nom. In re IMAX Sec. Litig.*, No. 06 Civ. 6128 (NRB), 2009 WL 1905033 (S.D.N.Y. June 29, 2009).

## III. APPOINTMENT OF LEAD PLAINTIFF

The PSLRA governs motions for the appointment of lead plaintiffs in putative class actions brought under federal securities laws. *See, e.g.*, *In re Braskem*, 2015 WL 5244735, at *4. The PSLRA instructs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). The statute sets forth a rebuttable presumption "that the most adequate plaintiff . . . is the person or group of persons" that (i) "has either filed the complaint or made a motion in response to" public notice of the filing of the complaint, (ii) "has the largest financial interest in the relief sought by the class," and (iii) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." § 78u-4(a)(3)(B)(iii)(I). This presumption is rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." § 78u–4(a)(3)(B)(iii)(II).

### A. Filing Complaint or Motion

Here, it is undisputed that Barth has satisfied the first requirement of the PSLRA by filing a timely motion on June 25, 2018, in response to the public notice issued by Pomerantz LLP on *GlobeNewswire*. Docs. 21–22.

### B. Largest Financial Interest

The next, most critical question is which "person or group of persons" seeking lead-plaintiff status has the largest financial interest in the relief sought by the putative class. The PSLRA does not specify a method for calculating which plaintiff has the "largest financial interest," and neither the Supreme Court nor the Second Circuit has articulated such a method.

*In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008). However, courts in this Circuit typically examine four factors to determine a lead plaintiff's financial interest:

> (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.

*Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14 Civ. 8495 (RMB), 2015 WL 1345931, at *2 (S.D.N.Y. Mar. 19, 2015) (quoting *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127–28 (S.D.N.Y. 2011)). "Of these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant." *In re Braskem*, 2015 WL 5244735, at *4 (collecting cases).

Barth has proffered evidentiary support for his assertion that he has the largest financial interest in the relief sought by the putative class, relative to the other plaintiffs who formerly sought lead-plaintiff status. Docs. 22, Exs. 2–3. Moreover, at least some former movants for lead-plaintiff status have thrown their support behind Barth's motion, expressly conceding that Barth has the largest financial interest among them. *See* Doc. 25

Given Barth's proffer of evidence and the fact that Barth's application is unopposed, Barth is presumed to have the greatest financial stake in the litigation.

### C. Rule 23 Requirements

Barth still must "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to be appointed lead plaintiff. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) sets forth four requirements for class certification: (1) the class is so numerous that simple joinder of all members is impracticable; (2) there exist questions of law or fact common to the whole class; (3) the claims of the lead plaintiff are typical of the claims of the whole class; and (4) the lead

7

plaintiff will adequately represent the interests of all class members. *See* Fed. R. Civ. P. 23(a). "When deciding competing motions to be appointed lead plaintiff under the PSLRA, however, a court need not conduct a full analysis of whether the requirements of Rule 23 have been met." *Faig v. Bioscrip, Inc.*, No. 13 CIV. 06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013). "Rather, '[a]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'" *Id.* (quoting *Jambay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010)); *see also, e.g.*, *Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203 (PAE), 2012 WL 2025850, at *6 (S.D.N.Y. May 31, 2012).

"The typicality requirement is satisfied when the class members' claims 'arise [ ] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Peters v. Jinkosolar Holding Co.*, No. 11 Civ. 7133 (JPO), 2012 WL 946875, at *11 (S.D.N.Y. Mar. 19, 2012) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). The lead plaintiff's claims, however, "need not be identical to the claims of the class to satisfy this requirement." *Id.* (internal quotation marks omitted).

Barth's claims here are typical of the claims of the whole class. The claims arise from the purchase or acquisition of Gridsum securities whose market price allegedly was artificially inflated due to the misstatements and omissions by Gridsum and other defendants; and, compared to the *Li* action, for example, Barth seeks substantially the same relief, based on substantially the same legal theories.

Barth has also made a sufficient showing of adequacy under Rule 23(a)(4). "The adequacy requirement is satisfied where '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead

8

plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015) (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007)). Barth has retained competent and experienced counsel, Bragar, with extensive experience in these types of securities class actions. *See* Doc. 22, Ex. 4. Barth has also demonstrated losses that suggest he will have a strong interest in advocating on behalf of the Class. *See Id.*, Exs. 2–3. Moreover, to date, there have been no reported conflicts between Barth and the other members of the class, and the Court has not identified any.

* * *

In light of the foregoing, Barth is entitled to a presumption that he is the "most adequate plaintiff" to serve as lead plaintiff. § 78u-4(a)(3)(B)(iii)(I). That presumption stands unrebutted, because no other class member has come forth with proof that Barth "will not fairly and adequately protect the interests of the class" or is subject to "unique defenses" that render him incapable of adequately representing the class. § 78u–4(a)(3)(B)(iii)(II). The Court therefore appoints Barth as lead plaintiff.

IV. **APPROVAL OF LEAD COUNSEL**

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." § 78u–4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly selected lead plaintiff's decisions as to counsel selection." *Sallustro*, 93 F. Supp. 3d at 278 (internal quotation marks omitted).

Barth has moved for approval of Bragar as lead counsel. No party or movant has objected to the proposed selection. After reviewing Barth's submission detailing Bragar's

experience, *see* Doc. 22, Ex. 4, the Court concludes that the law firm is qualified to serve as lead counsel of the class. Accordingly, the Court approves Bragar as lead counsel.

V. **CONCLUSION**

For the aforementioned reasons, Barth's motion for appointment as lead plaintiff, approval of Bragar as lead counsel, and consolidation of case numbers 18 Civ. 3655 and 18 Civ. 5649 is GRANTED. All future filings in this case shall be filed in the 18 Civ. 3655 case number and bear the same caption as that case number. The *Li* action, 18 Civ. 5649, shall be closed. The Clerk of the Court is respectfully directed to terminate the corresponding motions—namely, Docs. 10, 13, 15, 18, and 21.

It is SO ORDERED.

Dated: September 17, 2018
New York, New York

_____
Edgardo Ramos, U.S.D.J.

10