|  |  |
|---|---|
| New York | Paris |
| Northern California | Madrid |
| Washington DC | Tokyo |
| São Paulo | Beijing |
| London | Hong Kong |

# Davis Polk

**Michael S. Flynn**

Davis Polk & Wardwell LLP  212 450 4766 tel
450 Lexington Avenue       212 701 5766 fax
New York, NY 10017         michael.flynn@davispolk.com

April 9, 2019

Re:   *Xu v. Gridsum Holding Inc., et al.*, No. 1:18-cv-03655 (ER)

The Honorable Edgardo Ramos
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10017

Dear Judge Ramos:

We represent PricewaterhouseCoopers Zhong Tian LLP ("PwC China") in the above-captioned action. PwC China is a Chinese partnership headquartered and with offices in China. PwC China had not, prior to the most recently filed complaint on March 1, 2019, been named as a defendant in any of the Gridsum-related complaints. Plaintiff William Barth ("Plaintiff") and his counsel have not served PwC China in this matter. Accordingly, we preserve all rights and defenses on behalf of PwC China, including, but not limited to, lack of service of process in accordance with applicable law and lack of jurisdiction; but we write in opposition to Plaintiff's request for a pre-motion conference regarding a motion to authorize alternative service pursuant to Federal Rule of Civil Procedure ("Rule") 4(f)(3) against PwC China. Alternative service on PwC China is inappropriate for the reasons stated below.

### I.   The Court Should Require Plaintiff to Pursue Service of PwC China through the Hague Convention.

A federal court may not exercise personal jurisdiction over a defendant where, as here, "the procedural requirement of service of summons [has not been] satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).[1] Service on a foreign organization such as PwC China is governed by Rule 4(h)(2), which (with one exception not relevant here) incorporates the requirements for serving foreign individuals under Rule 4(f). *See Prince v. Gov't of China*, 2017 WL 4861988, at *5 (S.D.N.Y. Oct. 25, 2017). Rule 4(f)(1) authorizes service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (the "Hague Convention"). Because China is a signatory to the Hague Convention, Plaintiff must serve PwC China pursuant to the Convention's terms. *See Prince*, 2017 WL 4861988, at *6 (noting that China is a Hague Convention signatory and that "[c]ompliance with

---

[1] All internal quotation marks and citations are omitted unless stated otherwise.

the Convention is mandatory in all cases to which it applies" (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988))).

Plaintiff has made no attempt to serve PwC China through the Hague Convention and thus Plaintiff's request for an order authorizing an alternative form of service should be denied. Courts in this Circuit have permitted alternative service in lieu of service through the Hague Convention only upon "(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Altos Hornos de Mexico, S.A.B. de C.V. v. Rock Res. Ltd.*, 2015 WL 6437384, at *2 (S.D.N.Y. Oct. 19, 2015).[2] Plaintiff has failed to satisfy either requirement.

### A. Plaintiff Has Not Attempted to Serve PwC China through the Hague Convention.

"[I]n cases involving service on a person residing in a country that is a signatory to the Hague Convention, courts have often imposed a requirement that litigants first attempt service by means of the Hague Convention before seeking court-ordered alternative service under Rule 4(f)(3)." *In re Sinohub, Inc. Sec. Litig.*, 2013 WL 4734902, at *2 (S.D.N.Y. Aug. 14, 2013). This requirement "prevent[s] parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts," as Plaintiff seeks to do here. *Id.* at *2; *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, 2012 WL 4801452, at *9-10 (S.D.N.Y. Oct. 5, 2012) (denying request for alternative service as "premature" because plaintiff did not first attempt service via the Hague Convention). This requirement is also consistent with principles of comity, under which courts make "an earnest effort . . . to devise a method of communication that . . . minimizes offense to foreign law." Fed. R. Civ. P. 4, Adv. Comm. Note, 1993 Amendment.[3]

Plaintiff concedes that service in this matter on PwC China is governed by the Hague Convention because PwC China has not authorized service of actions such as this on it by any other means. Plaintiff also does not dispute that he has not attempted to serve PwC China through the Hague Convention.[4] Instead, Plaintiff asserts that he should be excused from doing

---

[2] Plaintiff's contention that he need not attempt service under the Hague Convention before the Court may permit alternative service under Rule 4(f)(3) ignores the generally recognized requirement that plaintiffs first have "reasonably attempted to effectuate service on the defendant" before he may seek alternate service. *Altos Hornos*, 2015 WL 6437384, at *2; *Devi v. Rajapaska*, 2012 WL 309605, at *1 (S.D.N.Y. Jan 31, 2012) (same).

[3] Plaintiff relies on *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262 (S.D.N.Y. 2012), for support, but the case is readily distinguishable. First, the plaintiffs in *In re GLG* had difficulty obtaining the defendant's address, and therefore the court found that it was not one of the "many instances where significant efforts to make service under the Hague Convention should be required by a court before alternative service is ordered." *Id.* at 266. Here, there is no allegation that PwC China has "withheld [its] service address from plaintiffs for many months," *id.* at 267—to the contrary, PwC China's address is publicly available on its web site. Second, the defendant in *In re GLG* was not a Chinese citizen, but rather a Canadian citizen who "had gone to China to evade that lawsuit." *In re Sinohub*, 2013 WL 4734902, at *2 (distinguishing *In re GLG* on this basis and denying alternative service on two Chinese defendants until plaintiffs "first attempt to effect service" via the Hague Convention). Therefore, the court in *In re GLG* concluded that "principles of comity would [not] be upset" by allowing alternative service. 287 F.R.D. at 266. Not so here, where PwC China is a Chinese limited liability partnership.

[4] Plaintiff contends that he attempted to serve PwC China by serving CT Corporation System ("CT"). But Plaintiff does not dispute that CT, a third party with no corporate affiliation to PwC China, was not authorized to accept service on behalf of PwC China, so Plaintiff's attempt was ineffective and noncompliant with the Hague Convention. Plaintiff also states that he obtained a translation of the Amended Complaint. But PwC China was only named as a defendant in the Second Amended Complaint. Plaintiff does not dispute that he has not

The Honorable Edgardo Ramos							3							April 9, 2019

so because complying with the Hague Convention would be "a timely and costly endeavor."  Dkt. 109 at 2.  Plaintiff's concerns are premature and speculative because no such burdens have come to pass.[5]  In any event, the mere possibility of some additional cost and time in serving a foreign defendant cannot alone provide a basis to permit alternative service.  *See Halvorssen v. Simpson*, 328 F.R.D. 30, 35 (E.D.N.Y. 2018) (denying motion for alternative service because plaintiff did not attempt service under the Hague Convention, even though "Hague Convention service may be costly and time consuming"); *KG Marine, LLC v. Vicem Yat Sanayi Ve Ticaret As*, 24 F. Supp. 3d 312, 315 (W.D.N.Y. 2014) (declining to order alternative service before plaintiffs "reasonabl[y] attempt to effectuate service without court intervention" despite plaintiff's argument that service under the Hague Convention "is very costly and time consuming").  Were it otherwise, alternative service on foreign defendants would always be permitted, and the Hague Convention would be rendered a dead letter.

### B.     Court Intervention is Not Necessary at this Time.

Plaintiff has not even attempted to show that he cannot successfully serve PwC through the Hague Convention.  Thus, rather than requesting alternative service out of "necessity" after attempting such service—as courts have required—Plaintiff impermissibly seeks alternative service simply "as a measure of convenience."  *In re Sinohub*, 2013 WL 4734902, at *2; *see also Harry Haining Zhang v. Lo*, 2018 WL 1888225, at *3 (S.D.N.Y. Apr. 9, 2018) (refusing to "circumvent the Hague Convention at this time and allow for alternative means of service" until plaintiff attempted service under Rule 4(f)(1) or (2)); *S.E.C. v. China Ne. Petroleum Holdings Ltd.*, 27 F. Supp. 3d 379, 398 (S.D.N.Y. 2014) (criticizing and denying request for alternative service after one unsuccessful attempt to serve defendant under the Hague Convention using a three-year-old address because of lack of "diligent efforts").

Finally, that counsel for PwC China communicated with Plaintiff's counsel regarding this matter does not obviate the need for proper service of process through the Hague Convention.  "[A]ctual knowledge is no substitute for service," and "awareness [of litigation] does not abrogate the requirement of proper service under the Federal Rules."  *China Ne. Petroleum Holdings*, 27 F. Supp. 3d at 397.  In the communications with counsel to date, counsel for Plaintiff has not committed to serving PwC China through the Hague Convention or even attempting to do so.  In the month since Plaintiff first named PwC China as a defendant, it appears that Plaintiff has made no effort to do so.  This lack of effort has continued even after it was made clear to Plaintiff's counsel that PwC China did not have an agent for service of process of private civil actions in the United States and therefore must be served under the Hague Convention.

Given that Plaintiff has not even attempted to serve PwC China through the Hague Convention, Plaintiff should not be permitted to end-run the Hague Convention's requirements, and his request should be denied.

---

attempted to translate the Second Amended Complaint or otherwise taken steps to serve PwC China through the Hague Convention.

[5] Moreover, requiring Plaintiff to serve PwC China through the Hague Convention would not "needlessly delay the resolution of this case" or allow the case against other defendants to "mov[e] forward decoupled from the case against [PwC China]," *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013), because PwC China has stipulated with Plaintiffs that it will proceed with moving to dismiss Plaintiffs' claims on the same schedule as other defendants in this action in exchange for Plaintiffs' agreement that this does not constitute a waiver of PwC China's defenses, including for lack of service of process.  *See* Dkt. 113 (proposed stipulation and order).

The Honorable Edgardo Ramos 4 April 9, 2019

Respectfully yours,

/s/ Michael S. Flynn
Michael S. Flynn

Cc: All counsel of record (by ECF)