USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEIFA XU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GRIDSUM HOLDING INC., GUOSHENG QI, RAVI SARATHY, MICHAEL PENG ZHANG, and THOMAS ADAM MELCHER<br><br>Defendants. | Civil Action No. 1:18-cv-03655 (GHW)<br><br>JUDGE: GREGORY H. WOODS |

## [PROPOSED] FINAL ORDER AND JUDGMENT

WHEREAS, this matter came before the Court for hearing on the 3rd day of April, 2024, pursuant to the Preliminary Approval Order entered on December 15, 2023, and on the Motion for Final Approval of Class Action Settlement as set forth in the Stipulation and Agreement of Settlement (the "Stipulation"); and

WHEREAS, the Court has heard all persons properly appearing and requesting to be heard, read and considered the motions and supporting papers, and found good cause appearing;

It appearing in the record that the Postcard Notice substantially in the form approved by the Court in the Court's Preliminary Approval Order, was mailed to all reasonably identifiable Settlement Class Members and the Long Notice was posted to the Settlement Website, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was transmitted electronically in compliance with the Court's Preliminary Approval Order;

**NOW, THEREFORE**, **IT HEREBY IS ORDERED, ADJUDGED AND DECREED**:

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on December 1, 2023; and (ii) the notices, which were filed with the Court on December 1, 2023 (namely, Dkt. No. 289-3, -5, and -6, the Long Notice, Summary Notice, and Postcard Notice, respectively). Capitalized terms not defined in this Judgment shall have the same meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Settlement Class of: all Persons and entities who purchased or otherwise acquired Gridsum securities (i) from September 22, 2016 through January 7, 2019, or (ii) pursuant and/or traceable to the Offering Documents issued and otherwise in connection with Gridsum's September 2016 initial public offering, ((i) and (ii) together, the "Class Period"), inclusive. Excluded are Defendants, any previously named defendants in the Action, current and former officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any excluded party has or had a controlling interest. Also excluded from the Settlement Class will be any Person who or which timely and validly seeks exclusion from the Settlement Class.

4. Pursuant to Federal Rule of Civil Procedure 23, and for the purposes of Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Plaintiffs as Class Representatives for the Settlement Class; and finally appoints the law firm of Bragar Eagel & Squire, P.C. as Class Counsel for the Settlement Class.

5.     In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and their terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable laws and rules; that the forms and methods of notifying the Settlement Class of the Settlement and their terms and conditions constituted the best notice practicable under the circumstances and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons and entities entitled to such notice.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, to the extent applicable to the Action, were fully discharged.  Thus, it is hereby determined that all Settlement Class Members are bound by this Final Order and Judgment.

6.     A full and fair opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  There have been no objections to the Settlement.

7.     Pursuant to Federal Rule of Civil Procedure 23(e)(2), this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (1) the Class Representatives and Class Counsel have adequately represented the Settlement Class; (2) the Settlement was negotiated at arm's length; (3) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class; (iii) the terms of the proposed award of

attorneys' fees and expenses; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the proposal treats Settlement Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Third Amended Class Action Complaint is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. The Court finds that during the course of the Action, Plaintiffs and the Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. Upon the Effective Date, Plaintiffs, and each and every other Settlement Class Member, on behalf of themselves and each of their and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, accountants, attorneys, predecessors, successors, assigns, insurers, reinsurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiff Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiff Claims against any and all of the Released Defendant Parties.

11. Upon the Effective Date, the Defendants, Defendants' Counsel, any previously named defendants in the Action, and each of their respective past, present, or future directors, officers and employees, and their families, heirs, executors, administrators, predecessors, successors, assigns, representatives, principals, partners, attorneys, accountants, auditors, agents, insurers and reinsurers and each of Gridsum's current and former parents, affiliates, subsidiaries, successors, predecessors, officers, directors, employees, agents, servants, representatives, principals, partners, underwriters, assigns, assignees, advisors, attorneys, accountants, auditors, members, insurers and reinsurers, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendant Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendant Claims against any and all of the Released Plaintiff Parties.

12. The Court hereby bars any and all claims, however styled, for indemnification, contribution, or where the claim arises from a Released Claim and the alleged injury to the Person bringing the claim arises from that Person's alleged liability to the Plaintiffs or any Settlement Class Member:  (a) by any Person against the Released Defendant Parties, and (b) by the Released Defendant Parties against any Person; provided, however, nothing herein shall preclude any of the settling Defendants from seeking to enforce the terms of any insurance policy or policies that may provide coverage for payment of the Settlement Amount and/or any defense or other costs incurred in connection with the Action or the Settlement.

13. Any final verdict or judgment obtained by or on behalf of the Plaintiffs, the Settlement Class or any Settlement Class Member against any Person, other than the Released Parties, relating to the Released Claims, shall be reduced by the greater of (a) an amount that

-
-

-
-

corresponds to the percentage of responsibility of the settling Defendants for common damages; or (b) the amount paid by or on behalf of the settling Defendants to the Settlement Class or a Settlement Class Member for common damages.

14. Notwithstanding paragraphs 10–13 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

15. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

16. This Final Order and Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation; the Settlement; and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or the other Released Defendant Parties with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiff Claims, or of any liability, damages, negligence, fault, or wrongdoing of any of the Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants as evidence of a presumption, concession, or admission of any

fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants or the Released Defendant Parties, or against or to the prejudice of any of the Plaintiffs or the Released Plaintiff Parties, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants, any of the Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Released Defendant Parties, and of the Plaintiffs or the Released Plaintiff Parties, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against any of the Defendants, Released Defendant Parties, Plaintiffs, or Released Plaintiff Parties, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Third Amended Class Action Complaint would not have exceeded the Settlement Amount.

17. Notwithstanding the foregoing, any of the Parties may file or refer to this Final Order and Judgment, the Stipulation, and/or any Proof of Claim: (i) to effectuate the liability

protections granted hereunder, including without limitation to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements related thereto; or (iii) to enforce the terms of the Stipulation and/or this Final Order and Judgment.

18. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

22. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

23. Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

24. There is no just reason for delay in the entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 295.

**SO ORDERED.**

Date: April 3, 2024

_____
Honorable Gregory H. Woods
United States District Judge