USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/3/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PEIFA XU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GRIDSUM HOLDING INC., GUOSHENG QI, RAVI SARATHY, MICHAEL PENG ZHANG, and THOMAS ADAM MELCHER<br><br>Defendants. | Civil Action No. 1:18-cv-03655 (GHW)<br><br>Hon. Gregory H. Woods |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO PLAINTIFFS**

WHEREAS, this matter came before the Court for hearing on the 3rd day of April, 2024, on the motion of Lead Counsel for an award of attorneys' fees, reimbursement of litigation expenses, and awards to Plaintiffs (the "Fee Motion"); and

WHEREAS, the Court has granted final approval of the Settlement of the Action; and

WHEREAS, the Court has heard all persons properly appearing and requesting to be heard, read and considered the motions and supporting papers, and found good cause appearing; and

WHEREAS, it appearing in the record that the Postcard Notice substantially in the form approved by the Court in the Court's Preliminary Approval Order, was mailed to all reasonably identifiable Settlement Class Members and the Long Notice was posted to the Settlement Website, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

WHEREAS, it appearing in the record that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was transmitted electronically in compliance with the Court's Preliminary Approval Order;

**NOW, THEREFORE, IT HEREBY IS ORDERED, ADJUDGED AND DECREED**:

1. This Order incorporates and makes a part hereof the Stipulation and Agreement of Settlement dated December 1, 2023 (the "Stipulation") (ECF No. 289-1), and all capitalized terms not defined in this Order shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's Fee Motion was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and reimbursement of expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 as amended, due process, and all other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein to all Persons and entities entitled to such notice.

4. There have been no objections to Lead Counsel's Fee Motion.

5. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 33 ⅓% of the Settlement Fund, or $1,500,000, together with a proportionate share of the interest earned by the Settlement Fund, at the same rate as earned by the balance of the Settlement Fund, and $309,186.50 in payment for litigation expenses, plus interest, (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.

6. In making this award of attorneys' fees and reimbursement of litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

a) the Settlement has created a common fund of $4,500,000 in cash that has been paid into escrow, from which numerous Settlement Class Members who submit valid Claim Forms will benefit as a result of the efforts of Plaintiffs' Counsel;

b) the requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Plaintiffs who have been directly involved in the prosecution and resolution of the Action and who have substantial interests in ensuring that any fees and expenses paid to counsel are duly earned and not excessive;

c) 6,399 copies of the Postcard Notice were disseminated to putative Settlement Class Members stating that counsel would be submitting an application for attorneys' fees in an amount not to exceed 33 ⅓% of the Settlement Fund, and payment of expenses incurred in connection with the prosecution of this Action in an amount not to exceed $600,000, plus accrued interest, and that such application also might include a request that Plaintiffs be awarded for their time and effort incurred in representing the Settlement Class.  To date, no Settlement Class Members have filed an objection to that application for fees and expenses;

d) Plaintiffs' Counsel have expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

e) the Action raised a number of complex factual and legal issues, particularly with regards to damages, loss causation, falsity, materiality, scienter, and class certification;

f) Plaintiffs' Counsel faced a multitude of risks in prosecuting the Action, including by accepting the case on a contingency fee and pursuing it on such basis for six years, as well as the risks relating to the complexity of the factual and legal issues which may have resulted in a smaller recovery for the Settlement Class or no recovery at all;

  g)  Plaintiffs' Counsel had the necessary skills required and the result achieved represents a recovery above the median recovery for similar actions;

  h)  the attorneys' fees and expenses requested are reasonable in relation to the Settlement amount and are consistent with awards in similar cases;

  i)  public policy strongly favors rewarding firms for bringing successful securities class action litigation;

  j)  as set forth in the Fee Motion, Plaintiffs' Counsel devoted over 3,190 hours to the prosecution of the Action; and

  k)  the requested fee results in a "negative" lodestar multiplier of 0.58 which confirms the reasonableness of the requested fee.

7.  The amounts to be paid from the Settlement Fund for attorneys' fees, expenses, and Plaintiffs' awards are fair and reasonable and consistent with awards in similar cases.

8.  Lead Plaintiff William Barth is hereby awarded $25,000 from the Settlement Fund as reimbursement for his reasonable costs and time dedicated to the prosecution of the Action on behalf of the Settlement Class.

9.  Plaintiff Xuechen Li is hereby awarded $5,000 from the Settlement Fund as reimbursement for her reasonable costs and time dedicated to the prosecution of the Action on behalf of the Settlement Class.

10.  The award of attorneys' fees and expenses, as well as the Plaintiffs' awards, shall be immediately payable from the Settlement Fund, subject to the terms, conditions, and obligations of the Stipulation. Lead Counsel shall allocate said attorneys' fees and litigation expenses to itself and Plaintiffs' Counsel.

11. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

12. Exclusive jurisdiction is hereby retained over the subject matter of this Action and over all Parties to the Action, including the administration and distribution of the Net Settlement Fund to Settlement Class Members.

13. In the event that the Settlement is terminated or does not become Final, or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

14. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 297.

**SO ORDERED.**

Date: April 3, 2024

_____
Honorable Gregory H. Woods
United States District Judge