```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/3/24
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PEIFA XU, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br>     v.<br><br>GRIDSUM HOLDING INC., GUOSHENG QI, RAVI SARATHY, MICHAEL PENG ZHANG, and THOMAS ADAM MELCHER,<br><br>                    Defendants. | **MEMORANDUM ENDORSED**<br>Civil Action No. 1:18-cv-03655 (GHW)<br><br><br>JUDGE GREGORY H. WOODS |

**ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS**

WHEREAS, in the above-captioned action (the "Action"), the Court-appointed Claims Administrator has completed the administration of the Settlement Fund, including the processing of all submitted Claim Forms, and is now prepared, with the approval of the Court, to distribute the net proceeds of the Settlement;

WHEREAS, on December 1, 2023, the Parties entered into the Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement") (ECF No. 289-1);

WHEREAS, on December 15, 2023, the Court issued a written order granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement that, among other things, preliminarily approved the Settlement as fair and reasonable (ECF No. 293);

WHEREAS, on April 3, 2024, the Court issued its Final Order and Judgment and approved and retained jurisdiction over the interpretation and implementation of the Settlement, including the administration and distribution of the Net Settlement Fund (ECF No. 306);

WHEREAS, on April 3, 2024, the Court issued an Order Approving Plan of Allocation (ECF No. 307);

WHEREAS, as reflected in the Declaration of Tina Chiango on Behalf of RG/2 Claims Administration LLC in Support of Plaintiffs' Motion for Authorization to Distribute Settlement Funds ("Chiango Declaration"), the Claims Administrator has completed the process of reviewing all submitted Claims, and has made a recommendation as to the eligibility of each submitted Claim;

WHEREAS, Plaintiffs and the Claims Administrator now seek authorization to distribute the Net Settlement Fund to Authorized Claimants; and

WHEREAS, after reviewing Plaintiffs' Motion for Authorization to Distribute Settlement Funds, the Memorandum of Law in support thereof, the Chiango Declaration, and all other exhibits and papers submitted in support thereof, the Court has determined that good cause exists for the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion for Authorization to Distribute Settlement Funds is GRANTED.

2. This Order incorporates by reference the definitions in the Settlement and the Chiango Declaration and all capitalized terms used in this Order shall have the same meanings as defined in the Stipulation or in the Chiango Declaration.

3. This Court has continuing jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

4. Plaintiffs' proposed plan for distribution of the Net Settlement Fund to Authorized Claimants is APPROVED. Accordingly:

    a) The administrative recommendations of the Court-approved Claims Administrator, RG/2 Claims Administration LLC ("RG/2"), to accept the Claims of the Timely

Authorized Claimants set forth in Exhibit A to the Chiango Declaration and Claims of the Eligible Late But Otherwise Authorized Claimants set forth in Exhibit B to the Chiango Declaration, are adopted;

  b)   The administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibit C to the Chiango Declaration are adopted;

  c)   No Claim received or adjusted in response to a letter regarding a Claim's deficiencies or ineligibility after November 15, 2024, will be eligible for payment;

  d)   RG/2 is directed to conduct an initial distribution of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by this Order, and after deducting any taxes, the costs of preparing appropriate tax returns, and any escrow fees. Specifically, as stated in paragraphs 24 through 28 of the Chiango Declaration: (1) RG/2 will calculate award amounts for all Authorized Claimants by calculating their *pro rata* shares of the Net Settlement Fund in accordance with the Court-approved Plan of Allocation; (2) RG/2 will eliminate, pursuant to the terms of the Plan of Allocation, any Authorized Claimants whose distribution payment calculates to less than $10.00 and such claimants will not receive any distribution from the Net Settlement Fund; (3) after eliminating claimants that would have received less than $10.00, RG/2 will recalculate, in accordance with the Court-approved Plan of Allocation, the *pro rata* distribution payments for Authorized Claimants that would receive $10.00 or more; (4) RG/2 will then conduct the initial distribution of the Net Settlement Fund in accordance with the Court's Order;

  e)   To encourage Authorized Claimants to deposit their checks promptly, all distribution checks will bear the following notation: "VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED 90 DAYS AFTER ISSUE DATE."

    f)  Authorized Claimants that do not negotiate their initial distribution checks within the time allotted or according to the conditions set forth in the Chiango Declaration will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available for redistribution to other Authorized Claimants in any subsequent distribution as described in the Chiango Declaration. Similarly, Authorized Claimants that do not negotiate subsequent distributions within the time allotted or according to the conditions set forth in Chiango Declaration will irrevocably forfeit any further recovery from the Settlement;

    g)  After RG/2 has made reasonable and diligent efforts to have Authorized Claimants negotiate their initial distribution checks as described in the Chiango Declaration, in accordance with the Court-approved Plan of Allocation, if any funds then remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, six (6) months after the initial distribution, RG/2, in consultation with Lead Counsel, will, if cost-effective to do so, redistribute such funds to Authorized Claimants who have cashed their initial distribution checks and who would receive at least $10.00 from such redistribution, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution;

    h)  Additional redistributions of balances remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with RG/2, determines that additional redistributions, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective;

    i)  If any balance still remains in the Net Settlement Fund that, after further distributions, is not cost-effective to reallocate, the remaining balance, after payment of any unpaid

fees and expenses incurred in administering the Settlement, shall be contributed the Legal Aid Society[1]; and

        j)     One (1) year after all distributions of the Net Settlement to the eligible claimants, RG/2 may destroy paper copies of the Claims and all supporting documentation, and three (3) years after all funds have been distributed, RG/2 may destroy electronic copies of the same.

5.     All of RG/2's fees and expenses incurred in connection with the services performed, and estimated to be incurred, in administering the Claim Forms and distributing the Net Settlement Fund as stated in the cumulative invoice attached as Exhibit D to the Chiango Declaration in the total amount of $59,167 are approved and are to be paid out of the Net Settlement Fund to RG/2.

6.     The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Plaintiffs' Counsel in connection with the administration or taxation of the Settlement Fund or the Net

---

[1] *See* https://legalaidnyc.org/

Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

      7.    This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

**SO ORDERED.**

DATED this 3d day of December, 2024

                                                  Honorable Gregory H. Woods
                                                  United States District Judge